ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC
124 W STOCKER ST STE B
GLENDALE, CA 91202
TEL. 818-532-9339
EMAIL: DISPUTES@OMNIALEGAL.ORG

Attorney For Plaintiff

FILED
2012 MAY 24  PM 12: 22
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CHITTIN TIRABAEDYA, an individual,

Plaintiff,

vs.

CACH LLC a/k/a COLLECT AMERICA, A Colorado Limited Liability Company

Defendant.

CASE No.: CV12-4188-SVW (FMOx)

COMPLAINT FOR DAMAGES FOR VIOLATION OF:

1) FEDERAL FAIR DEBT COLLECTION PRACTICES ACT;
2) CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;
3) FEDERAL FAIR CREDIT REPORTING ACT;
4) CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT.

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff Chittin Tirabaedya (hereinafter "Plaintiff") through his attorney on record and brings this Complaint against CACH, LLC a/k/a COLLEC AMERICA (hereinafter "CACH"), for violations of Federal and State consumer protection laws, including the Fair Debt Collection Practices Act [15 U.S.C. §1692-1692p] ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act [California Civil Code §1788 et seq.] ("RFDCPA"), Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA"), and California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA") and alleges as follows:

**PRELIMINARY STATEMENT**

COMPLAINT FOR DAMAGES- 1

1. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses [15 U.S.C. §1692(a)-(e)].

2. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); Swanson v. Southern Oregon Credit Service, Inc. 869 F.2d 1222, 1227(9th Cir.1988)]. This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd … the ignorant, the unthinking and the credulous." [Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

3. To prohibit deceptive practices the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16).

4. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6). Among these per se violations prohibited by that section are: any collection activities and the placement of telephone calls without meaningful disclosure of the caller's identity [15 U.S.C. §1692d(6)]

COMPLAINT FOR DAMAGES- 2

5. The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

6. The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

7. This case involves money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions. As such, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f).

8. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit file.

9. FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information,

and provide certain notices to consumer pertaining to furnished information.

10. FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

11. CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

12. CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

13. *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal

Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

## I.   JURISDICTION AND VENUE

14. Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §I337.

15. Supplemental jurisdiction rests upon 28 U.S.C. § 1367.

16. Venue is proper in this United States District Court, Central District of California because Defendant's violations alleged below occurred in the County of Los Angeles, State of California and within this District.

## II.   PRIVATE RIGHT OF ACTION

1. 15 U.S.C §1692k(a) states that "… any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-."

2. Cal. Civ. Code §1788.30(a) states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action…"

3. Cal. Civ. Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

4. Cal. Civ. Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

5. Pursuant to Gorman v. MBNA America Bank, N.A., No. 06-17226, Plaintiff is entitled to a Private Remedy Against Furnishers and FCRA §1681s-2(b) triggers Defendant's furnisher's liability under this section, since Plaintiff made her initial disputes with the Credit Reporting Agencies.

6. 15 U.S.C. §1681n refers to consumers' ability to bring civil liability action against users/furnishers of information for willful noncompliance with provisions of the FCRA.

### III.   THE PARTIES

7. Plaintiff Tirabaedya is a natural person, an individual residing in Orange County, State of California.

8. Plaintiff is a consumer as defined in 15 U.S.C. §1692a (3), 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

9. Defendant "CACH" is a Colorado Limited Liability Company, **NOT** registered and conducting business in the State of California.

10. Defendant is debt collector as defined in 15 U.S.C. §1692a (6) and California Civil Code §1788.2(c).

11. Plaintiff and Defendant is each a person as defined in California Civil Code §1788.2(g), 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

12. Plaintiff is informed and believes and on that basis alleges that Defendant are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant or as its agents, servants, employees and/or joint venturers and as set forth in this Complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

   a. Said Officers, directors or managing agents of Defendant personally acted willfully with respect to the matters alleged in this Complaint;
   b. Said Officers, directors or managing agents of Defendant personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendant did so act;
   c. Said Officers, directors or managing agents of Defendant personally participated in the acts alleged herein of Defendant;
   d. Said Officers, directors or managing agents of Defendant personally had close supervision of their agents, servants, employees and/or joint venturers of Defendant;
   e. Said Officers, directors or managing agents of Defendant personally were familiar with the facts regarding the matters alleged herein;

f. Said Officers, directors or managing agents of Defendant personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendant failed and refused to punish or discharged the said agents, servants, employees and/or joint venturers of Defendant, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendant.

13. Defendant is liable to Plaintiff for the relief prayed for in this Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant was expressly authorized or ratified.

## IV. FACTS COMMON TO ALL COUNTS

14. Plaintiff who is not a minor alleges that the following events and actions taken by Defendant occurred within the past one year.

15. In or around February, 2011 Plaintiff discovered through a credit review conducted with the three major Credit Reporting Agencies, Experian, Equifax and TransUnion (collectively "CRAs") that Defendant had reported collections account in his name, alleging Plaintiff was in debt with them.

16. Defendant had failed to provide Plaintiff dunning notices of debt or inform of the negative credit reporting, thereby depriving Plaintiff of his right to a dispute and validation request for the alleged debt and his right to a fair and accurate credit reporting.

17. On or about February, 2011 Plaintiff sent a letter of dispute to CRAs, requesting investigation and verification of the collection accounts reported by Defendants, otherwise its prompt and permanent deletion from Plaintiff's credit bureau reports.

18. On or about March 2, 2011 Plaintiff sent letter of dispute and a validation request to Defendant directly, requesting documentation validating the alleged debt, otherwise its prompt and permanent deletion from Plaintiff's credit bureau reports.

19. Defendant failed to answer to Plaintiff's debt validation requests, failed to cease collection activities and credit reporting upon receipt of Plaintiff's disputes, and failed to

inform the CRAs that the account was in dispute. Yet, within days of the credit bureau disputes, the CRAs claimed that Defendant verified the account as accurate to them.

20. On or about March 21, 2011 Plaintiff sent a follow up request to Defendant addressing their lack of validation or alternatively, the closing and deletion of the disputed collection account and the alleged debt.

21. Following Plaintiff's follow up notice and request, Defendants again failed to provide proper response or take appropriate corrective actions.

22. On or about November 30, 2011 Plaintiff sent Defendant notice of their violations with regards to the reporting of the unverified alleged debt and failure to validate the accuracy of such debt. Plaintiff's communication was sent in an effort to get Defendant's cooperation and resolve the situation amicably.

23. Despite Plaintiff's efforts to date, Defendant have failed to properly address his disputes and requests, have failed to validate the alleged debt or cease further collection of the unverified debt. Defendant continues to maintain the unverified account on Plaintiff's credit record.

24. Due to the inaccurate credit reporting and Defendant's prolonged noncompliance in resolving the situation Plaintiff has suffered emotional and financial distress. Specifically, as a result of Defendant's conducts, Plaintiff has suffered:

   a. Actual damages and serious financial and pecuniary harm arising from monetary losses relating to denials of attempts to obtain credit cards and consumer loans, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges.
   b. Out of pocket expenses associated with disputing the credit information only to find the information to remain on the credit report;
   c. Emotional distress and mental anguish associated with having incorrect derogatory credit information transmitted about Plaintiff to other people both known and unknown;
   d. Decreased credit score and creditworthiness, which may result in inability to obtain credit on future attempts.

## COUNT I

### Violations of FDCPA

25. Plaintiff repeats and reincorporates by reference the above paragraphs.

26. Defendant knowingly and willfully violated the FDCPA by:

a) Failing to provide dunning notices of debts and written notices of Plaintiff's right to request validation of debt along with information about the alleged debt, including the name and contact information of the original creditor pursuant to 15 U.S.C. §1692g(a);

b) Failing to cease collection activities and continuing to make collection efforts on the alleged debt without properly responding to Plaintiff's validation request pursuant to 15 U.S.C. §1692g(b);

c) Failing to properly validate the alleged debt pursuant to 15 U.S.C. §1692g(b);

d) Using false representations and deceptive means to collect or attempt to collect the alleged debt pursuant to 15 U.S.C. §1692e;

e) Using unfair or unconscionable means to collect or attempt to collect the alleged debt pursuant to 15 U.S.C. §1692f.

## COUNT II

### Violations of RFDCPA

27. Plaintiff repeats and reincorporates by reference the above paragraphs.

28. Defendant knowingly and willfully violated RFDCPA by:

a) Using false representations and deceptive means to collect or attempt to collect debt pursuant to Civil Code §1788.17;

b) Using unfair and/or unconscionable means to collect alleged debt pursuant to California Civil Code §1788.17.

## COUNT III

### Violations of FCRA

29. Plaintiff repeats and reincorporates by reference the above paragraphs.

30. Defendant knowingly and willfully violated the FCRA by:

   a) Furnishing inaccurate/unverified information to the CRAs pursuant to 15 U.S.C. §1681s-2 (a);

   b) Failing to inform Plaintiff about the reporting of negative information to his credit report, prior to or within five(5) days of furnishing collection account to the CRAs pursuant to 15 U.S.C. §1681s-2 (a)(7)(A);

   c) Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's disputes pursuant to 15 U.S.C. §1681s-2 (a)(8)(E);

   d) Verifying the disputed account with the CRAs prior to conducting thorough investigation and without having substantiating support for such verifications;

   e) Reporting disputed information to the CRAs, without notice of Plaintiff's disputes, during the investigation period and prior to providing verification of accuracy pursuant to 15 U.S.C. §1681s-2 (a)(3);

   f) Continuing to report unverified information to the CRAs after lack of responses and verifications.

## COUNT IV

## Violations of CCRAA

31. Plaintiff repeats and reincorporates by reference the paragraphs above paragraphs.

32. Defendants knowingly and willfully violated CCRAA by:

   a) Submitting negative credit information to Plaintiff's credit report with the CRAs, without notifying the Plaintiff pursuant to California Civil Code §1785.26(b);

   b) Continuing to report the collection accounts to the CRAs, upon receipt of Plaintiff's disputes and during the investigation periods, without notices that the accounts have been disputed by Plaintiff pursuant to California Civil Code §1785.25(c);

   c) Failing to acknowledge Plaintiff's demand for investigation and correction of information furnished to the CRAs, following Plaintiff's receipt of CRAs'

reinvestigation results pursuant to California Civil Code §1785.30.

## PRAYER FOR RELIEF

33. Plaintiff repeats and reincorporates by reference the paragraphs above paragraphs.

34. Plaintiff contends that the Defendant's actions constituted willful violations of the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, the Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act.

WHEREFORE, Plaintiff requests judgment to be entered in his favor and against the Defendant for:

1. Actual damages, per 15 U.S.C. §1692k(a)(1) and/or Civil Code §1788.30(a), 15 U.S.C. §1681n (a)(1)(A) and Cal. Civ. Code §1785.31(a)(2)(A);

2. Statutory damages, per 15 U.S.C. §1692k(a)(2) and/or Civil Code §1788.30(b), and 15 U.S.C. §1681n (a)(1)(A) and Cal. Civ. Code §1785.19(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3), and/or Civil Code §1788.30(c), 15 U.S.C. §1681n (c) and/or Code of Civil Procedure §490.020;

4. Punitive damages, per 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), as the court may allow;

5. Injunctive relief, per Cal. Civ. Code §1785.31(b), ordering Defendant to cease collection activities and delete the reporting of the unverified account and debt;

6. Declaratory relief, which is available pursuant to 28 U.S.C. §2201 and §2202;

7. Any other relief as this Honorable Court deems appropriate.

DATED: 05/20/2012

Respectfully submitted,

By: _____

Arshak Bartoumian, Attorney for Plaintiff

I, Chittin Tirabaedya, have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — ~~YES~~ NO
2. Fear of answering the telephone — ~~YES~~ NO
3. Nervousness — ~~YES~~ NO
4. Fear of answering the door — ~~YES~~ NO
5. Embarrassment when speaking with family or friends — ~~YES~~ NO
6. Depressions (sad, anxious, or "empty" moods) — ~~YES~~ NO
7. Chest pains — ~~YES~~ NO
8. Feelings of hopelessness, pessimism — YES ~~NO~~
9. Feelings of guilt, worthlessness, helplessness — ~~YES~~ NO
10. Appetite and/or weight loss or overeating and weight gain — YES ~~NO~~
11. Thoughts of death, suicide or suicide attempts — YES ~~NO~~
12. Restlessness or irritability — ~~YES~~ NO
13. Headache, nausea, chronic pain or fatigue — ~~YES~~ NO
14. Negative impact on my job — ~~YES~~ NO
15. Negative impact on my relationships — ~~YES~~ NO

Other physical or emotional symptoms I believe are associated with abusive debt collection activities: _____
_____
_____
_____
_____
_____.

Pursuant to 28 U.S.C. §1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 04/20/2012

_____
Signed Name

_____
Chittin Tirabaedya
Printed Name

## VERIFICATION

I, Chittin Tirabaedya, am the Plaintiff in the above entitled action. I have read the foregoing complaint. The facts stated herein are within my knowledge and are true and correct, except those matters stated on information and belief, and, so to those, I believe them to be true and correct. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed: ~~March~~ April 20, 2012 at Glendale, California.

By: _____

Chittin Tirabaedya, PLAINTIFF

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

```
CV12- 4188 SVW (FMOx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CHITTIN TIRABAEDYA

**DEFENDANTS**
CACH LLC a/k/a COLLECT AMERICA

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
ARSHAK BARTOUMIAN (SBN 210370) 818-532-9339
124 W STOCKER ST STE B
GLENDALE, CA 91202

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** **JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ Not Yet Asserted

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATIONS OF 15 U.S.C. Section 1681, 15 U.S.C. Section 1692, Cal Civ. Code Section 1788, Cal. Civ. Code Section 1785, Defamation-Libel

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV12-4188**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_ Date 4-28-12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address:
ARSHAK BARTOUMIAN (SBN 210370)
124 W STOCKER ST STE B
GLENDALE, CA 91202
TEL. 818-532-9339

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHITTIN TIRABAEDYA, an individual

PLAINTIFF(S)

v.

CACH LLC a/k/a COLLECT AMERICA, A Colorado Limited Liability Company

DEFENDANT(S).

CASE NUMBER

CV12-4188-SVW (FMOx)

**SUMMONS**

TO: DEFENDANT(S): LEGAL RECOVERY LAW OFFICES, INC, NATIONWIDE CREDIT, INC ENHANCED RECOVERY COMPANY, LLC

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __ARSHAK BARTOUMIAN__, whose address is __124 W STOCKER ST STE B, GLENDALE, CA 91202__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAY 24 2012

By: _Ann M. Martinez_
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

---

CV-01A (12/07)         SUMMONS